IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

                    Plaintiff,

          v.                                              OPINION & ORDER

DEPARTMENT OF CORRECTIONS                                 18-cv-362-jdp
STATE OF WISCONSIN,

                    Defendant.

Plaintiff Andre Wingo, appearing pro se, is an inmate at the Dane County Jail. He has filed this civil lawsuit under 42 U.S.C. § 1983, alleging that the Wisconsin Department of Corrections violated his right to due process when it forced him to register as a sex offender. Wingo seeks leave to proceed *in forma pauperis* and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Wingo's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. I must read Wingo's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). With these principles in mind, I conclude that Wingo's allegations do not support claims and that he named improper defendants. I will dismiss his complaint and give him a chance to file an amended complaint that better explains his claims.

ALLEGATIONS OF FACT

I draw the following facts from the complaint, Dkt. 1, and I accept them as true at the screening stage.

Plaintiff Andre Wingo is an inmate at the Dane County Jail. In 1997, Wingo was convicted of third-degree sexual assault, in violation of Wis. Stat. § 940.225(3) (1997–98). There was no court order from the 1997 conviction ordering Wingo to register as a sex offender. Wingo says that Department of Corrections officials forced him "under duress, threat, and coercion, to register as a sex offender." Dkt. 1, at 2. Wingo states that the DOC did this even though the circuit court did not require him to register as a condition of his probation.

ANALYSIS

Wingo contends that being forced to register as a sex offender without due process violated his Fifth and Fourteenth Amendment rights. But there are two major flaws with his complaint.

First, Wingo does not name any defendants that are capable of being sued in this type of lawsuit. Wingo names the Wisconsin DOC as the defendant. State agencies such as the DOC cannot be sued on a claim for constitutional violations because such agencies are not "persons" within the meaning of 42 U.S.C. § 1983, which is the statute that authorizes lawsuits for constitutional violations. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66 (1989). Accordingly, the DOC must be dismissed. He must name as defendants the individual DOC employees who violated his rights.

Second, Wingo does not actually show that he failed to receive process that he was due. Normally, placement on the Wisconsin Sex Offender Registry is mandatory and requires

automatic registration if a defendant is convicted of certain sex offenses. *See Murphy v. Rychlowski*, 169 F.Supp. 3d 911, 916 (W.D. Wis. 2016), *aff'd*, 868 F.3d 561 (7th Cir. 2017), citing *State v. Smith*, 2010 WI 16, ¶ 37 n.30, 323 Wis. 2d, 377, 780 N.W.2d 90. Wingo's offense, under Wis. Stat. § 940.225(3) (1997–98), is a mandatory-registration offense under Wis. Stat. § 301.45(1)(a) (1997–98). Therefore, Wingo was automatically required to register as a sex offender, unless he qualifies for an exception under the law. Wingo does not give an explanation why he is not subject to the mandatory requirement.

As currently constructed, the complaint does not state a claim for relief. But because Wingo appears pro se, I am reluctant to dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). So I will give Wingo a chance to file an amended complaint in which he names as a defendant in the caption each DOC employee that he wishes to sue and sets out his claims against each of the defendants in short and plain statements.

He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Wingo should state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide. In particular, he needs to explain why he believes that mandatory sex-offender registration does not apply to him. If Wingo does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants. If Wingo does not provide an amended complaint by the deadline set below, I will

dismiss the case for his failure to state a claim upon which relief may be granted, and assess him a "strike" under 28 U.S.C. § 1915(g).

Wingo has also filed a motion for preliminary injunctive relief, which I will deny as moot. He may renew his motion when he files his amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Andre Wingo's complaint is DISMISSED.

2. Plaintiff may have until October 12, 2018, to submit an amended complaint that complies with Rule 8.

3. Plaintiff's motion for preliminary injunctive relief, Dkt. 5, is DENIED as moot.

Entered September 21, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge